MEMORANDUM DECISION AND JUDGMENT ENTRY.
Following a trial to a jury, defendant-appellant William Bradley was found guilty of ten counts of deception to obtain dangerous drugs, in violation of R.C. 2925.22(A). The jury acquitted Bradley of one additional count. The trial court imposed consecutive six-month sentences for an aggregate sentence of eighteen months of incarceration. We have sua sponte removed his appeal from the accelerated calendar.
In accordance with the dictates of Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, Bradley's appointed counsel has advised this court that, after a thorough review of the record, he is unable to discern any arguable assignments of error to present on appeal. He has submitted an affidavit that states that he has repeatedly attempted to apprise Bradley of his findings, including communicating through Bradley's wife. He has also forwarded a copy of his brief to Bradley, and he further states in his affidavit that Bradley has not communicated to him any appealable issue. Counsel has also submitted a motion to withdraw. He now asks this court to conduct an independent review of the record to determine whether the proceedings in the trial court were free from prejudicial error. See Freels v. Hills
(C.A.6, 1988), 843 F.2d 958; see, also, In re Booker (Mar. 5, 1999), Hamilton App. Nos. C-980213 and C-980214, unreported.
We have reviewed the entire record, including the trial court's sentencing worksheet. The court did not check the box indicating that consecutive sentences were necessary to fulfill the sentencing purposes, as found in R.C. 2929.11. The court did, however, make that finding when, as part of its analysis to determine whether it could incarcerate Bradley for the commission of a fourth-degree felony, it journalized the finding that "prison is consistent with the sentencing purposes."
We are satisfied that counsel has provided Bradley with a diligent and thorough search of the record, and we conclude that counsel has correctly concluded that this appeal is frivolous. See Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. Finding no "legal points arguable on their merits," we hold the appeal to be wholly frivolous. Counsel's motion to withdraw is overruled, and the judgment of the trial court is affirmed.
Though this appeal is frivolous, see App.R. 23, we refrain from requiring Bradley to pay appellee's reasonable expenses including attorney fees and costs, and from taxing against him the fee or damages permitted by statute, because he is clearly indigent.
It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Gorman, P.J., Painter and Sundermann, JJ.
To the Clerk:
Enter upon the Journal of the Court on August 20, 1999 per order of the Court _______________________________. Presiding Judge